IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JAY CARACCI, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC.,<br><br>   Defendant. | No. 19-cv-2796<br><br>Judge Bucklo<br>Magistrate Judge Cummings |

**PLAINTIFF'S MOTION TO FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT**

Plaintiff respectfully requests that this Honorable Court permit him leave to file a Second Amended Class Action Complaint, stating as follows in support of his request:

1. Fed. R. Civ. P. 15(a)(2) provides that leave to file amended pleadings should be freely granted when justice so requires. Since *Foman v. Davis*, 371 U.S. 178 (1962), confirmed such standard to be quite liberal, courts in this Circuit agree that denial of leave to amend is only justified in certain very limited circumstances. *Telewizja Polska United States v. Echostar Satellite Corp.*, No. 02 C 3293, 2004 U.S. Dist. LEXIS 17876 (N.D. Ill. Sep. 1, 2004); *Coomes v. Republic Airline*, No. 1:19-cv-00034-TWP-MPB, 2020 U.S. Dist. LEXIS 112872 (S.D. Ind. June 26, 2020).

2. In this matter, the Plaintiff's pleading on file is the same original pleading that was removed from state court by Defendant. Plaintiff's proposed amendment does not modify the 3 causes of action (Illinois Consumer Fraud Act, breach of implied warranty under Magnuson-Mass, and breach of express warranty) nor the putative class definition. Rather, it streamlines the Plaintiff's allegations to focus on Honda's directive to certain suppliers to use Rodent Tape, a fact

1

just learned through third party discovery and a deposition completed on March 16, 2021.[1] Honda continues to object to the production of any testing data, information regarding the knock sensor harness investigation that led to that harness in certain vehicles being pre-wrapped in Rodent Tape, and rodent chew test results that would have allowed Plaintiff to file this amendment earlier. Plaintiff's motions to compel are briefed and pending before Magistrate Judge Cummings. *See* ECF Doc. 50 (filed October 26, 2020) and 60 (filed December 11, 2020).

3. To demonstrate the quite minor differences between the currently filed complaint and Plaintiff's amendment, Plaintiff attaches both redlined and "clean" versions of the proposed amendment. *See* Exhibits A and B. The limited nature of Plaintiff's proposed amendment demonstrates the lack of prejudice to Honda should this motion be granted.

4. While the proposed amendments are minor, they are necessary to ensure that the pleading on file appropriately conforms to the proofs. The parties are still within their fact discovery period and class certification and dispositive motions are not yet due.

5. Plaintiff consulted Honda's counsel to see whether they objected to the amendment. Honda opposes the motion. Honda's counsel requested that they be granted three weeks to file their opposition papers.

WHEREFORE, Plaintiff prays that this Honorable Court grant his motion and permit him leave to file a Second Amended Class Action Complaint.

---

[1] While Honda's position throughout this litigation has been that it simply thought Rodent Tape was a good repair fix for the "age-old" problem of vehicle rodent damage, Honda's supplier Sumitomo Electric Wiring Systems, Inc. ("SEWS") confirmed instead that: (a) Honda Japan directed SEWS to pre-wrap particular harnesses (but not all) in Rodent Tape; (b) SEWS orders Rodent Tape and applies it per Honda's design instructions. Despite Honda advising Plaintiff that "Sumitomo" was a harness supplier, Honda provided no contact information in its MIDP disclosures from which Plaintiff could identify the proper subpoena respondent. It took Plaintiff working with two different iterations of the Sumitomo company for multiple months for Plaintiff to eventually locate the correct Sumitomo entity – SEWS – for subpoena purposes.

Respectfully submitted,
**JAY CARACCI, on behalf of himself and all others similarly situated.**

By:   /s/ Stacy M. Bardo
      Attorney for Plaintiff

Dated: March 23, 2021

Larry P. Smith
SmithMarco, P.C.
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com

Stacy M. Bardo
Bardo Law, P.C.
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Telephone: (312) 219-6980
E-mail: stacy@bardolawpc.com