IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAY CARACCI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Case No. 1:19-cv-02796<br>(Consolidated action)<br><br>Judge Elaine E. Bucklo<br>Magistrate Judge Jeannice W. Appenteng |
| MICHAEL PRESTON and PENELOPE TURGEON, on behalf of themselves and, all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | |

**DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO EXTEND
JANUARY 22, 2024 RULING DEADLINE TO FEBRUARY 16, 2024**

PLEASE TAKE NOTICE that on January 12, 2024 at 9:45 a.m., or as soon thereafter as counsel may be heard, Defendant American Honda Motor Co., Inc. ("AHM") will present and respectfully seeks an order from the Court extending the current January 22, 2024 deadline set for ruling on Plaintiffs' motion for class certification, AHM's motion for summary judgment, and AHM's motion to exclude the report and testimony of Plaintiffs' expert, Donald Szczesniak (ECF 180 & 222), to, at a minimum, February 16, 2024.

In support of this request, AHM states as follows:

1. On December 14, 2023, Plaintiffs disclosed a new expert, Steven Paul, and submitted an expert report from Mr. Paul with Plaintiffs' reply brief in support of their motion for

1

class certification. ECF 213. At Plaintiffs' request, the Court had previously extended the deadline for expert rebuttal reports to December 14, 2023. ECF 207 (attaching the report of Steven Paul ("Paul Rep.") as Exhibit 1 *thereto*). However, Mr. Paul's report is <u>not</u> a proper rebuttal report. As just one example, his report purports to provide a methodology for calculating classwide damages by "[t]aking the average diminished value percentage of all Class Vehicles and applying the average diminished value percentage to all Class Vehicles." Paul Rep. at 9-10 (assessing across-the-board 10% "diminished value percentage" for Plaintiffs).[1] This "opinion" does not contradict, impeach, or rebut the evidence presented by AHM. Rather, it is a ***new*** opinion, which is not proper on rebuttal. *See, e.g.*, *Stanfield v. Dart*, No. 10 C 6569, 2013 WL 589222, at *3 (N.D. Ill. Feb. 14, 2013) (holding that where a scheduling order permits rebuttal experts and opinions, a party may submit an expert rebuttal witness who is "limited to contradicting or rebutting evidence on the same subject matter identified by another party in its expert disclosures.") (quoting *Butler v. Sears Roebuck & Co.*, No. 06 C 7023, 2010 WL 2697601, at *1 (N.D. Ill. July 7, 2010)); *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008) ("Testimony offered only as additional support to an argument made in a case in chief, if not offered 'to contradict, impeach or defuse the impact of the evidence offered by an adverse party,' is improper on rebuttal.")

2. In light of the intervening holidays and scheduling challenges, notwithstanding the December 29, 2023 deadline for the close of expert discovery, the parties agreed the deposition of Mr. Paul could proceed in 2024. The parties have set the deposition of Mr. Paul on February 2, 2024. Following Mr. Paul's deposition, AHM may file a motion to exclude the report and testimony of Mr. Paul pursuant to Federal Rule of Evidence ("FRE") 702 and/or a motion

---

[1] In addition, Mr. Paul's report includes legal opinions, with citation to case law, though, based on the curriculum vitae attached to his report, it does not appear he is educated in the law. ECF 207, Exhibit 1.

permitting AHM to submit a rebuttal report to Mr. Paul's report because Mr. Paul's opinions are not proper rebuttal opinions.

3. Additionally, on December 19, 2023, this Court entered an order terminating the referral to Magistrate Judge entered on March 20, 2023 with respect to Plaintiffs' motion to compel and granting Plaintiffs' motion to compel. ECF 222. From December 22, 2023 through January 2, 2024, AHM's operations were closed as part of its annual year-end shutdown. In light of the year-end shutdown and other press of business, AHM requested it be permitted to comply with the Court's December 19, 2023 ruling by February 5, 2024. Plaintiffs agreed.

4. Given the importance of the Court's gatekeeping role in ruling on challenges to expert reports in connection with a motion for class certification and in the interests of judicial economy and efficiency, any ruling on Plaintiffs' motion for class certification, AHM's motion for summary judgment, and AHM's motion to exclude the report and testimony of Mr. Szczesniak should take into account any motion practice relating to the report and testimony of Plaintiffs' additional expert, Steven Paul. *See Am. Honda Motor Co. v. Allen*, 600 F.3d 813 (7th Cir. 2010); *Elward v. Electrolux Home Prod., Inc.*, No. 15-CV-09882, 2020 WL 2850982, at *7 (N.D. Ill. June 1, 2020).

5. AHM also notes that Plaintiffs filed with their opposition to AHM's motion for summary judgment a "Certification under Fed. R. Civ. P. 56(d) to apprise the Court as to certain outstanding discovery." ECF 183. The Court has now ruled on the outstanding motion to compel. ECF 222. As discussed above, the parties agreed to a compliance deadline of February 5, 2024, which further supports extending the January 22, 2024 ruling deadline to a date after the date of compliance.

6. In light of the above circumstances, AHM asked Plaintiffs if Plaintiffs would be

amenable to jointly requesting that the January 22, 2024 ruling date be extended to February 16, 2024 to ensure that Mr. Paul's deposition is completed, any motion to exclude Mr. Paul pursuant to be FRE 702 or any motion for leave to submit a rebuttal report to Mr. Paul's report be filed,[2] and AHM's further responses pursuant to this Court's December 19, 2023 order be served *before* any scheduled ruling on Plaintiffs' motion for class certification, AHM's motion for summary judgment, and AHM's motion to exclude the report and testimony of Mr. Szczesniak.

7.  Plaintiffs indicated they oppose this motion.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant its request to extend the current January 22, 2024 ruling deadline to, at a minimum, February 16, 2024.

Dated: January 9, 2024

Respectfully submitted,

By: */s/ Michael L. Mallow*

Michael L. Mallow (admitted *pro hac vice*)
mmallow@shb.com
Mark D. Campbell (admitted *pro hac vice*)
mdcampbell@shb.com
Darlene M. Cho (admitted *pro hac vice*)
dcho@shb.com
SHOOK, HARDY & BACON LLP
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

Riley C. Mendoza
rmendoza@shb.com
SHOOK, HARDY & BACON L.L.P.
111 S. Wacker Dr., 51st Floor
Chicago, IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195

---

[2] If AHM files either or both motions, AHM would be amenable to meeting-and-conferring with Plaintiffs about proposing a mutually-agreeable briefing schedule, which may incorporate a further extension of the ruling deadline.

*Counsel for Defendant American Honda Motor Co., Inc.*

5